**Michelle B. BUSH, Plaintiff,**

v.

**NATIONSBANK, Defendant.**

**No. CIV. A. 98–2239 CKK.**

United States District Court,
District of Columbia.

June 10, 1999.

■■■■■■■■■■■■■■

---

**3.** *See Open America*, 547 F.2d 605 (D.C.Cir. 1976).

**4.** *See* 5 U.S.C. § 552(a)(6)(C)(i), (ii).

**5**

Eric Anthony Welter, Hunton & Williams, McLean, VA, for Movant Manpower Intern., Inc.

## MEMORANDUM OPINION

KOLLAR–KOTELLY, District Judge.

Plaintiff seeks to add Manpower, International, Inc. ("Manpower") as a Defendant in this case. The Court has authorized filing of a document entitled "AMENDED COMPLAINT TO BRING IN THIRD PARTY" [Dkt. # 79]. Manpower has interpreted the document as being a motion for leave to file an amended complaint, and has filed an opposition to the proposed amendment. Manpower argues that any claim Plaintiff would have against it would be barred by a release provided by Plaintiff to it in *Bush v. Manpower International,* Inc. U.S. District Court Civil Action No. 98–2062. [Dkt. # 55] Plaintiff has filed several documents in both this case and in the Manpower case, requesting relief from the judgment in Civil Action No. 98–2062, to permit her to add Manpower to this case. [Dkt. 69, 86]

The Court has today denied Plaintiff's request for relief from the judgment dismissing her case against Manpower with prejudice. For the same reasons, Plaintiff's request to add Manpower as a Defendant in this case will be denied.

Plaintiff's complaint in the case against Manpower, Civil Action No. 98–2062, filed on August 28, 1998, sought damages against Manpower for alleged discrimination because of her race, age, and disability. Plaintiff described temporary assignments that she had received from Defendant between April, 1996, and September, 1997, one of which was with NationsBank. Plaintiff alleged that she was either not given other assignments or was terminated from assignments for discriminatory reasons. On October 15, 1998, a Stipulation of Dismissal with prejudice was filed in that case.

Michelle B. Bush, Hyattsville, MD, pro se.

Charles F. Martel, McGuire, Woods, Battle & Boothe, L.L.P., McLean, VA, Manik Rath, Washington, DC, for Defendant Nationsbank.

**6**

■ Several weeks earlier, Plaintiff had filed the complaint against NationsBank in the instant case. In her motion for relief from judgment in the Manpower case, Plaintiff attached a portion of what appears to be the contract between Manpower and NationsBank, which states, *inter alia,* that Manpower "shall indemnify, defend, and hold harmless" NationsBank from any claims made by "any third party"

"arising out of or related to . . .

(a) Any act or omission, or alleged act or omission, by [Manpower], its officers, employees (including Temporaries), and agents in the performance of [Manpower's] obligations under this Agreement or otherwise . . . . ;

(B) Any claims threatened, alleged, or actual [sic] made by any Temporaries . . . ."

This language does not provide any right of relief by Plaintiff, but merely allocates responsibility between Manpower and NationsBank. It provides that Manpower shall indemnify *NationsBank* for misfeasance of Manpower Temporaries or for actions brought by Manpower Temporaries *against NationsBank.* It does not provide a separate right of action against Manpower for Manpower temporaries such as Plaintiff. It does not form a basis for adding Manpower as a defendant in this case.

■ Plaintiff submitted with another filing in the instant case [Dkt. # 48] copies of correspondence with counsel for Manpower relating to the settlement in the case against Manpower, and one page from the settlement agreement. Most of the text on the page from the settlement agreement is blacked out, but the visible portion states: "This release does not include Plaintiff's complaint against Nationsbank in a separate civil action in the United States District Court for the District of Columbia." Plaintiff relied on this language in requesting relief from the judgment in the Manpower case. As the Court noted in denying Plaintiff's motion to reopen that case, it is clear that the quoted language was intended to emphasize that by releasing Manpower from the claims encompassed in Civil Action No. 98–2062, Plaintiff was not undertaking to release NationsBank, a separate entity, from the claims that were pending against it in the instant case. Because Plaintiff had referred in the complaint against Manpower to her tenure at NationsBank, this was a reasonable provision to include in the release. The language in the agreement was proposed by Plaintiff herself. (*See* letter dated October 8, 1998, from Plaintiff to counsel for Manpower, attached to Plaintiff's Response to Mr. Martel's Letter Dated February 10, 1999, Docket # 48 in the instant case). The settlement agreement in the Manpower case dealt with the entire case brought by Plaintiff against Manpower, including her claims *against Manpower* relating to her tenure at NationsBank.

Because there was no indication that Manpower or its counsel had engaged in fraud, misrepresentation, or other misconduct, the Court denied Plaintiff's request for relief from the judgment in that case. That judgment would constitute a defense were Manpower to be added as a defendant in this case. Accordingly, Plaintiff's request to amend her complaint to add Manpower as a defendant in this case will be denied.

Accordingly, it is by the Court this 9 day of June, 1999,

ORDERED that Plaintiff's request to amend her complaint to add Manpower as a defendant is DENIED, and it is further

ORDERED that the Clerk of the Court shall not issue a summons or otherwise take action on Plaintiff's proposed Amended Complaint to Bring In Third Party, and it is further

ORDERED that Plaintiff's motions for Relief from Order [Dkt. 69, 86] are DENIED.